# CIRCUIT COURT OF LOUDOUN COUNTY

Brian D. Carter et al.

v.

Andrew W. Wyczalkowski,
Executor of the 2007 Will
and Trustee of the 2007 Trust
of Marcin Wyczalkowski,
deceased, et al.

December 15, 2009

Case No. (Civil) No. 56468

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on October 29, 2009, for argument on the following:

1. Demurrer of the Defendant, Andrew W. Wyczalkowski ("Andrew");
2. Demurrer of the Defendant, Anna Wyczalkowski ("Anna");
3. Motion Craving Oyer of Andrew and Anna;
4. Motion to Dismiss of Andrew and Anna;
5. Plea in Bar of Andrew and Anna.

The Demurrers were argued, taken under advisement, and are addressed below. Counsel agreed that the copy of the Durable General Power of Attorney executed by Marcin R. Wyczalkowski ("Marcin") on June 21, 2007, tendered to the Court by Ms. Royer is the document requested by Andrew and Anna in their Motion Craving Oyer.

Counsel agreed that the issues raised in the Motion to Dismiss were also raised in Demurrers. The Motion to Dismiss was taken under advisement and is addressed below.

Andrew and Anna decided not to proceed at this time on their Plea in Bar except for their *res judicata* argument. After argument thereon, I denied the Plea in Bar on this issue without prejudice to Andrew and Anna. They can renew their Plea in Bar on the *res judicata* issue depending on the ultimate resolution of *Andrew W. Wyczalkowski v. Brian D. Carter et al.*, Civil Case No. 51125, now on appeal.

Upon consideration of the memoranda filed by counsel and the argument on October 29, 2009, the Demurrers are sustained, and the Motion to Dismiss is granted, to the extent hereinafter set forth, with leave to the Plaintiffs to file an amended complaint as hereinafter explained.

*Demurrer of Andrew W. Wyczalkowski*

In the Plaintiffs' lengthy eleven count Complaint, they have sued Andrew both individually and as Executor of Marcin's estate and as Trustee under a trust established by Marcin in June 2007 (the "2007 Trust").

The parties are certainly familiar with the pleadings. Therefore, there is no need to set forth herein the lengthy allegations of the forty page Complaint except to the extent needed to explain the reasons for my decisions.

Not only is the Complaint lengthy, but also the responsive pleadings filed by Andrew and Anna are lengthy. Andrew's Demurrer states fifteen separate grounds. Each ground is addressed below.

Andrew asserts that the Complaint fails to inform not only him, but also each defendant, of the true nature of the claim against him or her. I generally agree with him. There are some counts where it is clear which defendant or defendants from which relief is requested. For example, the counts for civil conspiracy and unjust enrichment are clearly claims against Andrew, Anna, and Marykim Stamile ("Marykim"), and the counts for surcharge and injunctive relief and for removal and replacement of trustee and executor are clearly against Andrew as trustee and executor. However, some counts do not even state from whom relief is requested. For example, Count I (for an accounting) does not state from whom an accounting is demanded. Count II (for breach of fiduciary duty) does not state from whom the plaintiffs are requesting damages. The same is true as to the counts involving fraud. The foregoing is not all inclusive of each category.

Each defendant is entitled to know exactly what claim is being made against him or her as well as the exact nature of such claim. I do not think that any defendant in this case should have to guess as to the nature or application to him or her of any claim. Taken as a whole, no defendant can be reasonably assured as to which claim, or the nature of it, applies to him or her.

Andrew's demurrer is sustained on the foregoing ground.

Andrew also argues that Count I (for an accounting), Count II (for breach of fiduciary duty), Count IX (for surcharge and injunctive relief) and Count X (for removal and replacement of trustee and executor) fail to state a cause of action against him individually. I agree. Based upon the factual allegations in the Complaint, I think that these causes of action can only be against Andrew as trustee under the 2007 trust and as executor of Marcin's estate. I disregard, and place no weight on, the Plaintiffs' argument in their Memorandum in Opposition that Andrew is or was a *de facto* trustee or guardian for or of Marcin because such is not pleaded in the Complaint.

Andrew argues that, as to Count III (for fraud) and Count IV (for constructive fraud), each count must fail because the Plaintiffs have not alleged that they have suffered any injury to their interests or property. In other words, he argues that the Plaintiffs have no standing to allege damage or injury to Marcin's property. I agree. I do not agree with the Plaintiffs' argument that they may maintain a suit for damages to Marcin's property during his lifetime caused by the Defendants because Andrew, as executor of Marcin's estate, would obviously take no action to enforce any claim of Marcin's estate against himself, Anna, or Marykim. There are, also, no allegations that the Plaintiffs were, or are, beneficiaries of Marcin's estate. Further, Virginia does not recognize a cause of action for tortious interference with an inheritance. *Economopoulos v. Kolaitis*, 259 Va. 806, 812 (2000). Andrew's demurrer is sustained on this ground.

Andrew demurs to Count V (for conversion) because the Plaintiffs do allege that they are entitled to or have an interest in the property allegedly converted. The property allegedly converted was Marcin's, not the Plaintiffs'. Andrew's demurrer to Count V is sustained on this ground.

Andrew also demurs to Count V (for conversion) because the Plaintiffs have no standing to bring a claim for the conversion of the property of another (in this case, Marcin's property). I agree. Andrew's demurrer to Count V is sustained on this ground.

As to Count VI (for undue influence), Andrew argues that it must fail for the following reasons:

(1) The Complaint does not allege sufficient facts to establish a confidential relationship between Andrew and the Plaintiffs or between Andrew and Marcin.

(2) The Plaintiffs lack standing to assert an undue influence claim on behalf of Marcin and/or his estate.

(3) There is no allegation that Marcin was of feeble or unsound mind.

(4) There is no allegation that the gifts made by Marcin were gratuitous in nature.

(5) There is no allegation that any of the contracts entered into by Marcin as a result of undue influence resulted in grossly inadequate consideration to Marcin.

As to the foregoing five grounds, I agree with Andrew except as to (1) above; I do think the Complaint alleges sufficient facts to show a confidential relationship between Andrew and Marcin.

To the foregoing extent Andrew's demurrer to Count VI is sustained.

As to Count VIII (for unjust enrichment), I agree with Andrew's argument that it must fail because the Plaintiffs have no standing to sue for unjust enrichment on behalf of Marcin or his estate.

Andrew argues that the Plaintiffs are not proper parties and lack standing to pursue the claims in Counts III through VIII (for an accounting, breach of fiduciary duty, fraud, constructive fraud, conversion, undue influence, civil conspiracy, and unjust enrichment) because any such claim belonged to Marcin during his lifetime and to his executor upon his death. I agree. These eight counts do not concern any damage to the Plaintiffs or their property. The Plaintiffs are not alleged to be beneficiaries of Marcin's estate. Andrew's demurrer to these eight counts is sustained.

Andrew argues that, as to Count X (for removal and replacement of trustee and executor) and Count XI (for declaratory judgment and reformation), the Plaintiffs have failed to allege that they lack an adequate remedy at law for equitable claims in each count. Andrew's demurrer on this ground is overruled because I do not think that the relief purportedly being requested by the Plaintiffs is so equitable in nature as to require a lack of adequate remedy at law before it can be granted.

Andrew asserts that Count XI (for declaratory judgment and reformation) fails to allege facts sufficient to establish a cause of action for reformation. He is essentially arguing that this count does not allege a cause of action for a declaratory judgment. I do not agree. The factual allegations of the Complaint may support the relief requested. Andrew's demurrer is overruled on this ground.

Andrew demurs to the allegations of Counts II, III, IV, V, VII, and VIII that the Plaintiffs were beneficiaries of Marcin's estate. I agree. Andrew's demurrer is sustained on this ground.

Andrew demurs on the ground that the Plaintiff, Brian D. Carter, has no legal interest in any of the causes of action alleged, is not a proper party plaintiff, and lacks standing to pursue any of the claims. I agree. I fail to see any allegation to support any claim by Brian D. Carter. Andrew's demurrer on this ground is sustained.

Andrew also asserts that the Complaint fails to specify facts on which to base a claim for costs, pre-judgment or post-judgment interest, or attorney's fees. I do not completely agree. Certainly any prevailing party is entitled to recover the costs allowed by statute. See, e.g., Va. Code §§ 17.1-600, 17.1-601. Under Va. Code § 8.01-382 provides for pre-judgment and post-judgment interest. I do agree with Andrew that, under the "American Rule," the Plaintiffs are not entitled to recover their attorney's fees if they prevail absent a statute or a contractual agreement (neither of which are alleged to apply here). However, in Virginia, attorney's fees may be considered as part of the damages in a fraud claim. See, Prospect Development Co. v. Bershader, 258 Va. 75, 93 (1999). Attorney's fees may also be recovered in a trustee accounting proceeding under Va. Code § 55-550.04. Andrew's demurrer on these grounds is overruled with the ruling that the only attorney's fees potentially recoverable in trustee accounting are as to damages for fraud.

Andrew finally demurs to the Complaint on the ground that it fails to allege sufficient facts upon which to base a claim for punitive damages. The Plaintiffs seek punitive damages in Count II (for breach of fiduciary duty), Count III (for fraud), Count V (for conversion), and Count VII (for civil conspiracy). I do not agree. The Plaintiffs have pleaded enough to survive demurrer as to punitive damages. Andrew's demurrer to the punitive damages claims is overruled.

### Demurrer of Anna Wyczalkowski

Anna asserts sixteen grounds in her demurrer. Thirteen of the sixteen grounds are similar to those set forth in Andrew's demurrer. My rulings on these thirteen are the same for Anna's demurrer. The other three are addressed below.

Anna demurs to Counts I through VII and IX through XI because these counts do not state a cause of action against her. In their Memorandum in Opposition and in argument, the Plaintiffs have conceded that their only claims against Anna are found in Count VII (for civil conspiracy) and Count VIII (for unjust enrichment). The Plaintiffs have stated a cause of action for civil conspiracy against Anna in Count VII. Anna did not demur to Count VIII. Anna's demurrer to Counts I through VI and IX through XI is sustained, but overruled as to Count VII.

Anna's demurrer to Count VI (for undue influence) on the ground that it fails to allege sufficient facts to establish a confidential relationship between her and the Plaintiffs is sustained, but it is overruled on the ground that it fails to allege sufficient facts to establish a confidential relationship between her

and Marcin. Also, her demurrer to Count VI on the ground that the Plaintiffs lack standing to assert an undue influence claim on behalf of Marcin or his estate is sustained.

Finally, Anna's demurrer to Count VII (for civil conspiracy) on the ground that it fails to allege sufficient facts upon which damages can be demanded from her is overruled. Sufficient facts are alleged.

*Motion To Dismiss Of Andrew W. Wyczalkowski And Anna Wyczalkowski*

The Motion to Dismiss filed by Andrew and Anna is granted because the Complaint does not allege facts, if they can ever be alleged, showing that Brian D. Carter has standing to bring any of the causes of action, and because the Plaintiffs have no standing to bring suit against any of the Defendants for damages to Marcin and/or his estate.

*Order*

Let Ms. Royer prepare an order consistent herewith to which she and Mr. Whitticar may note any exceptions sustaining the Demurrers and granting the Motion to Dismiss, but also allowing the Plaintiffs to file an amended complaint within ten days of the entry of the order, if they be so advised.